IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,377-02






EX PARTE GARY JOHNSON









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
FROM CAUSE NO. 15,075 IN THE 12TH JUDICIAL DISTRICT COURT

WALKER COUNTY




 Per Curiam. Keller, P.J., and Keasler and Hervey, JJ., concur but would
dismiss pursuant to Article 11.071, § 5.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In August 1988, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Johnson v. State,
853 S.W.2d 527 (Tex. Crim. App. 1992). Applicant filed his initial post-conviction
application for writ of habeas corpus in the trial court on August 30, 1996. This Court
denied relief. Ex parte Johnson, No. WR-55,377-01 (Tex. Crim. App. Oct. 20, 2004). 
Applicant's subsequent application was filed in the trial court on December 23, 2009. 

 Applicant presents a single allegation in his application in which he essentially
asserts that newly developed health problems make his execution unconstitutional. This
application should be dismissed.

 Article 11.071, § 5(a)(1), requires only that "the current claims and issues have not
been and could not have been presented previously in a timely . . . application . . . because
the factual or legal basis for the claim was unavailable[.]" But applicant's claim is not a
claim on which relief can be granted. Article 11.14(1) requires that an application "must
state substantially . . . [t]hat the person for whose benefit the application is made is
illegally restrained in his liberty[.]" This application does not. Nor does the application
meet the requirement of Article 11.40 that a prisoner be discharged "if no legal cause be
shown for the . . . restraint, or if it appear that the . . . restraint, though at first legal,
cannot for any cause be lawfully prolonged[.]"

 The application alleges only that the applicant's health is such that there is not now
"a probability that he would commit criminal acts of violence that would constitute a
continuing threat to society." See Art. 37.071, § 2(b)(1). But our law imposes no such
requirement. The question was whether there was such a probability when he was
convicted. The jury found that there was, and this application contains no claim that
would make the judgment of the trial court improper. Accordingly, the application is
dismissed.

 IT IS SO ORDERED THIS THE 31st DAY OF DECEMBER, 2009.


Do Not Publish